UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-CR-14-DWF

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | PLEA AGREEMENT AND |
| ) | SENTENCING STIPULATIONS |
| v. ) | |
| ) | |
| JAMES LESTER PARAMORE, ) | |
| ) | |
| Defendant. ) | |

The United States of America and Defendant, James Lester Paramore ("Defendant"), agree to resolve this case on the following terms and conditions. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** Defendant agrees to plead guilty to Count 1 of the Information charging him with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).

2. **Factual Basis.** Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

    a. On or about June 12, 2016, in the State and District of Minnesota, Defendant knowingly distributed visual depictions of minors engaging in sexually explicit conduct ("Child Pornography"). Defendant admits that he distributed the Child Pornography using a means and facility of interstate and foreign commerce, and that the Child Pornography was mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer.

SCANNED
FEB 0 9 2017
U.S. DISTRICT COURT ST. PAUL

b.  Defendant acknowledges that the Child Pornography that he knowingly distributed on or about June 12, 2016, included the following computer images:

(1) 13435657_1624931834491117_2024278494_n.jpg, which depicts an adult male penis ejaculating on a pre-pubescent male's face;

(2) 13453598_1624931844491116_2019789219_n.jpg, which depicts two naked pre-pubescent males with their genitals exposed and erect;

(3) 13444466_1624931854491115_1469502237_n.jpg, which depicts a pre-pubescent male performing oral sex;

(4) 13453651_1624932787824355_838810579_n.jpg, which depicts a pre-pubescent male holding two erect adult male penises; and

(5) 13444062_1624932797824354_1255836370_n.jpg, which depicts two naked pre-pubescent males sitting on a couch with their legs in the air and genitals exposed.

c.  Defendant also admits that on July 21, 2016, he possessed more than 600 images and videos of Child Pornography. Defendant further admits that the images and videos of Child Pornography he possessed on July 21, 2016, depicted (1) children under the age of 12; and (2) material that portrays sadistic or masochistic conduct or other depictions of violence. Finally, Defendant admits that he used a computer to receive and to distribute the images of Child Pornography he possessed on July 21, 2016.

3.  **Statutory Penalties**. The parties agree that the following statutory penalties apply to Count 1:

   a.  a maximum term of twenty (20) years in prison;

   b.  a mandatory minimum term of five (5) years in prison;

   c.  a supervised release term of at least five (5) years up to a maximum supervised release term of life;

   d.  a criminal fine of up to $250,000.00;

   e.  a mandatory special assessment of $100.00, which is payable to the Clerk of Court at sentencing;

    f.  payment of $5,000 to the Domestic Trafficking Victims' Fund; and

    g.  payment of mandatory restitution in an amount to be determined by the Court.

  4.  **Waiver of Indictment**. Defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. Defendant further agrees to execute a written waiver of Defendant's rights to be indicted by a grand jury for this offense.

  5.  **Waiver of Pretrial Motions**. Defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this Plea Agreement, and based upon the concessions of the United States within this Plea Agreement, Defendant knowingly, willingly, and voluntarily chooses not to pursue any such motions.

  6.  **Revocation of Supervised Release**. Defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

  7.  **Guideline Calculations**. Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties stipulate that the following Guideline calculations are applicable with respect to Count 1:

    a.  Base Offense Level. The parties agree that the base offense level for Distribution of Child Pornography is **22**. (U.S.S.G. §2G2.2(a)(2)).

b.  Specific Offense Characteristics. The parties agree that **2** levels are added because the materials involved a prepubescent minor or a minor who had not attained the age of 12 years. (U.S.S.G. §2G2.2(b)(2)). The parties agree that **5** levels are added because Defendant distributed in exchange for valuable consideration, but not for pecuniary gain. (U.S.S.G. §2G2.2(b)(3)(B)). The parties agree that **4** levels are added because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. (U.S.S.G. §2G2.2(b)(4)). The parties agree that **2** levels are added because the offense involved the use of a computer. (U.S.S.G. §2G2.2(b)(6)). The parties agree that **5** levels are added because the offense involved 600 or more images. (U.S.S.G. §2G2.2(b)(7)(D) and Application Note 6(B)).

c.  Acceptance of Responsibility and Other Chapter Three Adjustments. The parties agree that if Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b). The parties agree that no other Chapter 3 adjustments apply.

d.  Criminal History Category. Based on information available at this time, the parties believe that Defendant's criminal history category is **I**. This does **not** constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Pre-sentence Report and by the parties at the time of sentencing. Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (U.S.S.G. §4A1.1).

e.  Guideline Range. The parties believe that Defendant's final adjusted offense level is **37**. If Defendant's final adjusted offense level is **37**, and his criminal history category is **I**, then the resulting advisory Guidelines range is 210-262 months of imprisonment.

4

f.  Fine Range. If the adjusted offense level is **37**, the fine range is $40,000 to $400,000.

g.  Supervised Release. The Sentencing Guidelines require a term of supervised release of at least five (5) years and up to a life term if a term of imprisonment of more than one year is imposed. (U.S.S.G. §§5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583 (k)).

8.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable advisory Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement and Defendant will be sentenced pursuant to the Court's determinations.

9.  **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a):

a.  any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

b.  any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.  any property, real or personal, used or intended to be used to commit or to promote the commission of such offense. Specifically, the parties agree that Defendant shall forfeit the following to the United States:

(1)  one Samsung Tablet, serial number R5FA0H98PS;

      (2)    one Samsung Galaxy S3;
      (3)    one HP Laptop, serial number CNF036FWNB; and
      (4)    one LG Desktop Computer Tower.

Defendant agrees that this property is subject to forfeiture because the items were used to commit the violations charged in the Information. The United States reserves the right to seek the forfeiture of additional property.

10. **Restitution**. Defendant understands and agrees that 18 U.S.C. § 2259 and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply and that the Court is required to order Defendant to make restitution to the victims of his crimes. There is no agreement with regard to the amount of restitution. Defendant understands and agrees that the Court may order Defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Information or whether the victim is included in the count of conviction.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted. (U.S.S.G. §5E1.3). Defendant agrees that the $100 special assessment is due and payable at the time of sentencing.

6

12. **Complete Agreement**. This plea agreement, along with any agreement signed by the Parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. There are no other agreements, promises, representations, or understandings.

Dated: 2/9/17

ANDREW M. LUGER
United States Attorney

*signature*
BY: ANGELA M. MUNOZ-KAPHING
Assistant United States Attorney

Dated:

*signature*
JAMES LESTER PARAMORE
Defendant

Dated: 2/9/17

*signature*
SHANNON ELKINS
Attorney for Defendant